UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INSPIRATION MINISTRIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-2027 |
| | ) |
| STATE OF INDIANA; EXECUTIVE DIRECTOR, INDIANA DEPARTMENT OF HOMELAND SECURITY, in his official capacity, | ) ) ) ) |
| | ) |
| Defendants. | ) |

**Complaint for Declaratory and Injunctive Relief**

**Introduction**

1. In *New Horizons Rehabilitation, Inc. v. Indiana*, 400 F. Supp. 3d 751 (S.D. Ind. 2019), this Court held that the actions of the State of Indiana and the Executive Director of the Indiana Department of Homeland Security in imposing requirements on group homes for persons with disabilities where the homes were in all respects identical to homes containing single families, other than the fact that they were not occupied by a "traditional family," violated the Fair Housing Act Amendments Act, 42 U.S.C. § 3604(f); the Rehabilitation Act, 29 U.S.C. § 794; and the Americans with Disabilities Act, 42 U.S.C. § 12132.

2. Now, three years after *New Horizons*, the same defendants are imposing the same onerous and unlawful requirements on group homes for persons with disabilities

[1]

operated by Inspiration Ministries, Inc. ("Inspiration Ministries"). Specifically, defendants have classified Inspiration Ministries' group homes as Class 1 structures, imposing costly and burdensome requirements that are not imposed on Class 2 structures, which are structures occupied as single-family residenes. This, despite the fact that the group homes operated by Inspiration Ministries are indistinguishable in architecture or in their use from single-family homes. This is no less unlawful and discriminatory now than it was in 2019, and the failure to treat the homes in the same manner as single-family home violates the Fair Housing Amendments Act, the Rehabilitation Act, and the Americans with Disabilities Act. Appropriate injunctive and declaratory relief should issue requiring defendants to treat Inspiration Ministries' homes in the same manner as traditional single-family homes.

**Jurisdiction, venue, cause of action**

3. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

4. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202 and by Rule 57 of the Federal Rules of Civil Procedure.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

6. Plaintiff brings its claims pursuant to 42 U.S.C. § 3613, 42 U.S.C. § 12133, and 29 U.S.C. § 794a(a)(2).

**Parties**

7. Inspiration Ministries is a non-profit corporation incorporated in Indiana.

8. The State of Indiana has received federal funds and is therefore subject to the Rehabilitation Act, 29 U.S.C. § 794.

**9.** The Executive Director of the Indiana Department of Homeland Security is the duly appointed head of the Indiana agency that has also received federal funds and, among other things, administers required building code reviews and enforces fire and building safety codes in public buildings in Indiana.

**Legal background**

10. Under the Fair Housing Amendments Act ("FHA"), 42 U.S.C. § 3601, *et seq.*, it is unlawful to "discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of (A) that buyer or renter; (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or (C) any person associated with that buyer or renter." 42 U.S.C. § 3604(f)(1). The term "handicap" means a person who has "a physical or mental impairment which substantially limits one or more of such person's major life activities." 42 U.S.C. § 3602(h)(1).

11. The Americans with Disabilities Act ("ADA") provides that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Land use regulations are deemed to be an activity of government. *See, e.g., Wisconsin Community*

*Services, Inc., v. City of Milwaukee*, 465 F.3d 737, 750 (7th Cir. 2006) (referring to local zoning decision). The ADA's definition of an individual with a disability includes, among other persons, a person who has a physical or mental impairment that substantially limits one or more major life activities. 42 U.S.C. 12102(1).

12. The Rehabilitation Act, 29 U.S.C. § 794(a), provides that "no otherwise qualified individual with a disability" may be discriminated against on the grounds of that disability by any program receiving federal funding. The Rehabilitation Act incorporates the ADA's definition of "individual with a disability." 29 U.S.C. § 705(20)(B)

13. Alcoholism and drug addiction are impairments recognized by the above statutes. However, this inclusion does not include those who have a "current, illegal use of or addiction to a controlled substance." 42 U.S.C. § 3602(h). *See also* 42 U.S.C. § 12210(a).

**Factual allegations**

14. Inspiration Ministries is a nonprofit organization that is dedicated to developing and sustaining programs that reduce addiction, recidivism, and poverty in Northeast Indiana through a faith-based approach.

15. The primary way that it fulfills its organizational purposes is by owning and operating group living properties that house persons with a history of alcoholism, drug addiction and/or mental illness where residents are able to live, attain, and maintain sobriety so they can be healthy and productive members of society.

16. At the current time Inspiration Ministries operates a number of group living environments in Dekalb, Huntington, and Noble Counties where persons who are recovering from alcoholism, drug addiction, or who experience other mental illnesses live. Six of them are in single-family residences.

17. The residents of these homes are persons with impairments that substantially limit one or more major life activities.

18. No formal programming occurs in the homes, although residents may receive counseling and other treatment away from the home.

19. The homes serve as residences where those participating in the program live as a family, sharing meals, responsibility, and life.

20. The homes are controlled in large part by the residents. Each house has a manager, who may be an employee of Inspiration Ministries, or who may be a senior resident. The managers assist in the management and supervision of the homes and the support of the residents. However, it is the residents who are responsible for the day-to-day operation of the homes and they do this communally, as a family.

21. The only persons residing in the homes are its residents.

22. The group homes are the permanent residences of those living there and they may stay there up to nine months while they participate in programming and receive the support of living in a family setting.

23. The homes are designed as single-family residences and are physically indistinguishable from other single-family residences that they are near. The residents do not have possession of unique parts of the homes, but live as a family.

24. The homes are certified by the Division of Mental Health and Addiction, a sub-agency of the State of Indiana's Family and Social Services Administration.

25. The certification process uses standards approved by the National Alliance for Recovery Residences.

26. Prior to opening for residents, each home is inspected and certified by an employee of the Division of Mental Health and Addiction. The inspection involves, among other things, fire safety reviews. Homes are required to have fire extinguishers, smoke detectors, evacuation maps, and fire escape ladders.

27. After the initial inspections periodic inspection are governed by criteria approved by the Division of Mental Health and Addiction and the National Alliance for Recovery Residences. Pursuant to this criteria the home are inspected every other year.

28. The capacity of each home is approved by the Division of Mental Health and Addiction based on the criteria set out by the National Alliance for Recovery Residences.

29. All of Inspiration Ministries' group homes satisfy local zoning standards imposed on the single-family residences that are near the group homes.

30. One of the homes is located in Butler, Indiana, and houses women.

31. There are two homes in rural DeKalb County that house men.

32. The home in Butler, Indiana and one of the homes in rural DeKalb County were pre-existing single-family residences when Inspiration Ministries bought them in 2020 and 2018, respectively.

33. Inspiration Ministries built the other home in rural DeKalb County to be used as a group home. However, it is constructed as a single-family residence with bedrooms, a kitchen, and bathrooms, just like the structure of a typical single-family home. Like any single-family home, no part of the home is possessed by a single resident. The home is 4,000 square feet and has been licensed by the Division of Mental Health and Addiction to house up to 18 residents. It opened in 2023.

34. The other home in rural DeKalb County is licensed by the Division of Mental Health and Addiction to house up to 4 residents and the home in Butler is licensed to house up to 12 residents.

35. All three homes passed inspections by the Division of Mental Health and Addiction prior to residents being placed there by Inspiration Ministries. The home that was purchased in 2018 was initially inspected and certified in 2018 and was reinspected and recertified in 2020 and 2022. The home that was purchased in 2020 was initially inspected and certified in 2020 and was reinspected and recertified in 2022.

36. All three homes comply with all local land-use regulations and requirements.

37. Residents in the three homes do not pay anything for the first 13-15 weeks of their stay. All costs are paid by a grant administered by the Division of Mental Health and

Addiction Services. Thereafter, the grant amounts are gradually reduced and the residents are to pay progressively more until in the seventh through ninth month of their stay they are to pay $150 a week. The residents do not have leases and no one is removed if they do not pay this amount.

38. Recently, inspectors from the Indiana Department of Homeland Security inspected the homes for the first time.

39. Inspiration Ministries is unsure as to why these homes were selected for inspection. The other homes owned and operated by Inspiration Ministries were not inspected and have never been inspected by the Indiana Department of Homeland Security.

40. The three homes were found to be in violation of Indiana law as they were deemed to be Class 1 structures. The inspection reports are attached to this Complaint as Exhibits 1-3.

41. The inspection reports for the homes that were used as residences for single families before their purchase note that they were formerly Class 2 structures, but are now Class 1 structures and therefore must comply with the rules of the Fire Prevention and Building Safety Commission, which are imposed on Class 1, but not Class 2, structures. (Exhibit 1-2).

42. These rules require, among other things, the installation of fire suppression systems that can cost between $10,000 and $20,000.

43. Under Indiana law a Class 1 structure is one that is occupied by the general public, by three or more tenants, or by one or more persons who act as the employees of another. Ind. Code § 22-12-1-4; 675 IAC 12-6-2.

44. The definition of Class 1 structures excludes "Class 2" structures that are defined as:

> (1) A townhouse or a building or structure that is intended to contain or contains only one (1) dwelling unit or two (2) dwelling units unless any part of the building or structure is regularly used as a Class 1 structure.
>
> (2) An outbuilding for a structure described in subdivision (1), such as a garage, barn, or family swimming pool, including an above ground swimming pool, unless any part of the outbuilding is regularly used as a Class 1 structure.

Ind. Code § 22-12-1-5.

45. The inspection report for the home that Inspiration Ministries built to be used as a group living environment states that the house is a Class 1 structure and therefore could not be constructed without a design release issued by Indiana Department of Homeland Security's Fire Prevention and Building Safety Commission, a board within the Indiana Department of Homeland Security. (Exhibit 3).

46. This approval is not required of Class 2 structures.

47. Inspiration Ministries did not obtain a design release from the State of Indiana prior to building the home, but did obtain approval from local building authorities

48. The granting of the design release is governed by Indiana regulations, 675 IAC 12-6-1, *et seq.*, and requires the payment of filing and processing fees and submission of

detailed building plans, which generally must be created by a registered architect or a professional engineer. These fees are not assessed against a person seeking to construct a Class 2 structure as Class 2 structures are not reviewed by any office within the State Department of Homeland Security or any other offices.

49. The plans for the design release must include:

- a site plan drawn to scale

-foundation and basement plans and details

-detailed dimensional floor plans

-fire and life safety plans

-wall elevations of all exterior walls

-sections and details of walls, floors, and roofs

-structural plans and elevations

-details indicating how requires structural and fire-resistive integrity will be maintained

-room finish schedules

-door schedules

-construction specification

-electrical plans

-plumbing plans

-mechanical plans

-accessibility details

-plans for automatic fire-extinguishing systems that must meet specific requirements contained in National Fire Protection Association Standards

-plans for fire detection and alarm systems

675 IAC 12-6-7.

50. Many, if not most, of these design requirements are not imposed on Class 2 structures.

51. For example, a Class 2 structure does not have to have a sprinkler or other automatic fire extinguishing system.

52. If Inspiration Ministries used the three structures noted above to house a nuclear family, they would therefore be deemed to be Class 2 structures and would not be subject to any review by the Department of Homeland Security and Inspiration Ministries would not be required to submit a construction design release to the State of Indiana and the Department of Homeland Security. Nor would it have to comply with many of the onerous and expensive requirements imposed under 675 IAC 12-6-7, such as the requirement that a sprinkler system be installed.

53. Indiana law provides that if a Class 1 structure is constructed, or if construction is begun, without a design release being issued, both the person who engages in the construction and the person who has control over the construction commit a Class C infraction. Ind. Code § 22-15-3-7. The penalty for this is $500, but each day of violation is a new infraction. Ind. Code §§ 22-15-1-1; 34-28-5-4(c).

54. If deficiencies in existing Class 1 structures are found and not corrected, there are potential consequences, including progressively increasing fines or potential judicial or administrative remedies to force the closure of the structure.

55. Inspiration Ministries is a non-profit entity and does not have the available funds to do what is necessary to meet the Class 1 standards for its homes. Moreover, given that it has other homes that are identical in purpose and functioning to the three homes noted above, any changes would have to be made to all of its homes.

56. In *New Horizons* this Court found, among other things, that the distinction between Class 1 and Class 2 structures imposed disparate treatment on the group home residents and the owner of the home in violation of the ADA, FHA, and Rehabilitation Act. 400 F. Supp. 3d at 768.

57. Following the issuance of the *New Horizons* decision the Department of Homeland Security issued a public notice designed to clarify "when supportive living facilities" are considered as Class 1 or 2 structures. (Exhibit 4).

58. The notice defines supportive living facilities as facilities "that provide staff to its residents to assist with daily living" and states that these facilities are considered Class 2 structures if:

   1. the structure is a townhouse or only contains one or two dwelling units;

   2. the structure is intended to be occupied by no more than two tenants (except for townhouses which may only have one tenant per unit by definition);

>A tenant is someone, or some group that either: (1) has possession of a unique portion of a structure; or (2) occupies a structure on unique or independent terms from other occupants. The overarching concern is whether the person or persons occupying, or intending to occupy, the structure or portion of the structure, are doing so independently or as a single occupant. If a structure is rented out on a per room basis (even with shared common areas), the structure has as many tenants as rooms intended to be rented out.
>
>3. the structure is intended to be used for nontransient residential occupancy;
>
>4. the presence of employees at the structure is limited to providing supportive living services (services limited to supporting the regular use and enjoyment of the structure for residential purposes); and
>
>5. the structure does not contain nonresidential areas that are not traditionally found in a dwelling unit.

(*Id.*).

59. The three homes inspected and cited by the defendants meet these criteria in all respects and should therefore be classified as Class 2 structures.

60. But for the fact that the three homes are for persons with disabilities, the Class 1 status and its attendant burdens would not be imposed on Inspiration Ministries by the defendants.

61. The defendants have engaged in intentional discrimination against Inspiration Ministries and its residents who are persons with disabilities solely because the homes are occupied by persons with disabilities as opposed to a nuclear family.

62. Inspiration Ministries and its residents in the three homes are being caused irreparable harm for which there is no adequate remedy at law.

**Legal claims**

63. The actions of the State of Indiana and the Secretary of the Indiana Department of Homeland Security in imposing burdens and requirements upon Inspiration Ministries and its residents in the three homes it cited that are not imposed on identical homes containing a single family, and are therefore imposed solely because of the status of the residents as persons with disabilities, represents intentional discrimination against Inspiration Ministries and the residents because of the status of the residents as persons with disabilities in violation of the Rehabilitation Act, 29 U.S.C. § 793(a); the Fair Housing Amendments Act, 42 U.S.C. § 3604(f); and the Americans with Disabilities Act, 42 U.S.C. § 12132.

**Request for relief**

WHEREFORE, plaintiff requests that this Court:

a. Accept jurisdiction of this case and set it for hearing at the earliest opportunity.

b. Declare that defendants have violated federal law for the reasons noted above.

c. Enter a preliminary injunction, later to be made permanent, enjoining defendants from classifying the homes that Inspiration Ministries maintains for its clients as Class 1 structures and enjoining them from treating the planned home any differently than a single-family residences to be occupied by a nuclear family.

d. Award plaintiff its costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 794a(b), 42 U.S.C. § 12133, and 42 U.S.C. § 3613(c)(2).

e. Award all other proper relief.

Kenneth J. Falk
Stevie J. Pactor
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org
spactor@aclu-in.org

Attorneys for Plaintiff